UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIA BERNARD ZARZUELA, et al.,

Plaintiffs.

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,

Defendant.

CIVIL NO. 15-1718 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

On July 18, 2012, plaintiffs initiated this action against Doral Mortgage, LLC for breach of contract in the Fajardo Part of the Puerto Rico Court of First Instance. (Docket No. 12, Exh. 1). On October 22, 2013, the complaint was amended to include Doral Bank as codefendant. Id. at Exh. 3. On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On May 28, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 1819(b)(2)(B)(Docket No. 1). Before the court is the "FDIC-R's Motion to Dismiss Plaintiffs' Claims Against FDIC-R with Prejudice" (Docket No. 12). The motion remains unopposed. For the reasons explained below, the FDIC-R's motion is GRANTED and the case DISMISSED.

### I. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp.

Bernard Zarzuela, et al. v. FDIC
Civil No. 15-1718 (PAD)
Memorandum and Order
Page 2

Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II. DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository institution as to all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). Additionally, it establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D). The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). If the claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). Claimants have 60 days after the disallowance of the claim, or 180 days after the expiration of the administrative decision deadline, to seek judicial review or to continue a case in in court if the case has been stayed. Acosta-Ramirez, 712 F.3d at 19; see also 12 U.S.C § 1821 (d)(6) (establishing that claimant may file suit or continue an action commenced before the

appointment of receiver). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, the FDIC-R published notice to potential creditors and depositors of Doral in two (2) local newspapers, stating that Doral had been closed, and any claim against the FDIC-R had to be filed with that institution not later than June 4, 2015 (Docket No. 12, Exh. 8). The FDIC-R also sent defendant a letter on May 6, 2015, indicating that plaintiffs had to submit a Proof of Claim Form along with supporting documentation to the Receiver Id. at Exh. 9. Plaintiffs filed a proof of claim before the Claims Bar Date. On November 13, 2015, the FDIC-R disallowed the claims for failure to provide supporting additional information previously requested by the FDIC-R. Id. at Exh. 7. The Notice of Disallowance of Claim also informed plaintiffs of their right to file a lawsuit on their claim or continue any lawsuit commenced before the appointment of the Receiver within 60 days of the date of said notice. Id.

Plaintiffs, however, did not take any action to continue or re-commence their pre-receivership claim before the 60-day period expired on January 12, 2016 (Docket No. 12 at p. 6). By extension, the court lacks subject-matter jurisdiction to entertain its claims against the FDIC-R. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

### III. CONCLUSION

The FDIC-R's motion is GRANTED and the case against the FDIC-R is DISMISSED. Judgment shall be entered accordingly.

Bernard Zarzuela, *et al.* v. FDIC
Civil No. 15-1718 (PAD)
Memorandum and Order
Page 4

     **SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of June, 2016.

                                               S/Pedro A. Delgado-Hernández
                                               PEDRO A. DELGADO-HERNÁNDEZ
                                               United States District Judge